## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION.,<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C.  20408<br><br>*Defendant*. | Case No. 22-cv-3187 |

## <u>COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of records related to DOJ's involvement in the Government's response to, and investigation of, an incident on September 19, 2021, in which Customs and Border Patrol Agents were accused of "whipping" or otherwise improperly engaging migrants they encountered who were attempting to cross into the United States in or near the Rio Grande River near Del Rio (the "Incident").  The Incident was, and continues to be, a subject of widespread

media and high-level governmental attention.  There is considerable and vigorous debate in the

press, amongst Members of Congress, and between Members of Congress and high-ranking

Executive Branch officials concerning the Incident.

## PARTIES

2.     Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan

public policy organization with a national and international reputation whose mission is to

"formulate and promote public policies based on the principles of free enterprise, limited

government, individual freedom, traditional American values, and a strong national defense."

Heritage Foundation, *About Heritage*, https://www.heritage.org/about-heritage/mission (last

visited Oct. 18, 2022).  Heritage is a not-for-profit section 501(c)(3) organization which engages

in substantial dissemination of information to the public.  Heritage operates a national news

outlet, *The Daily Signal*.

3.      Plaintiff Mike Howell leads the Heritage Foundation's Oversight Project and is

an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining

information via Freedom of Information Act requests and other means in order to best inform the

public and Congress for the purposes of Congressional oversight.  The requests and analysis of

information is informed by Heritage's deep policy expertise.  For example, former Acting

Customs and Border Protection Commissioner Mark Morgan and former Acting Immigration

and Customs Enforcement Director Tom Homan are Visiting Fellows with The Heritage

Foundation and draw on their experience and expertise to analyze information.  They also use

their broad public engagement to inform the general public.

4.     Defendant DOJ is a federal agency of the United States within the meaning of

5 U.S.C. § 552(f)(1) whose mission is to "uphold the rule of law, to keep our country safe, and to

protect civil rights."

https://www.justice.gov/about#:~:text=Mission,and%20to%20protect%20civil%20rights. (last

visited Oct. 18, 2022).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this

action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of

disputes under FOIA presents a federal question.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOJ's

principal place of business is in the District of Columbia.

## PLAINTIFF'S FOIA REQUEST

7.     Plaintiffs submitted their FOIA request on July 22, 2022.  ("Request" or

"Plaintiff's FOIA Request") (Ex. 1).  The Request sought discrete categories of information

related to DOJ's response to, and investigation of, what Heritage termed "the September 19,

2021 incident," which was defined as:

> Allegations made against or about United States Customs and Border Protection (CBP)
> agents "whipping" or otherwise engaging migrants attempting to cross into the United
> States in or near the Rio Grande River near Del Rio, Texas during the migrants'
> encounter with CBP agents on September 19, 2021.  Photographs of this encounter were
> taken by El Paso freelance journalist Paul Ratje.

The Request at 2. The temporal scope of the Requests was from September 19, 2021 to present.

*Id.*  The Request also sought production of records in partial responses as soon as they became

available.  *Id.* at 4.

8.     The Request additionally sought a fee waiver based on Heritage's status as a not-

for-profit and the fact that a purpose of the Request was to allow Heritage to gather information

on a matter of public interest for (among other things) use by authors of its publication, *The Daily Signal*, which is a major news outlet.  *Id.* at 4–5.

9.      The Request also sought expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv).  *Id.* at 5–9.

**<u>DOJ's Failure to Adhere to Statutory Timelines</u>**

10.      On August 1, 2022, the Department's Office of Information Policy granted expedited processing to Plaintiffs' Request.  Letter from Douglas R. Hibbard to Mike Howell (Aug. 1, 2022) (Ex. 2).  It is unclear if the Department's Office of Information Policy's decision to grant expedited processing applied Department wide.  The letter also invoked "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)–(iii).  *Id.*  The letter reserved on Plaintiffs' fee waiver request.

11.      30 working days from July 22, 2022 is September 2, 2022.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Violation FOIA, 5 U.S.C. §552**
**Failure to Conduct Adequate Searches for Responsive Records.**

12.      Plaintiffs re-allege paragraphs 1–11 as if fully set out herein.

13.      FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

14.      Plaintiffs properly requested records within the possession, custody, and control of Defendant.

15.      Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

16.     Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

17.     Defendant's failure to conduct searches for responsive records violates FOIA and the DOJ regulations.

18.     Plaintiffs have a statutory right to the information they seek.

19.     Defendant is in violation of FOIA.

20.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

21.     Plaintiffs have no adequate remedy at law.

22.     Plaintiffs have constructively exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

23.     Plaintiffs re-allege paragraphs 1–22 as if fully set out herein.

24.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

25.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

26.     Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

27.     Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

28.     Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

29.     Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

30.     Plaintiffs have a statutory right to the information they seek.

31.     Defendant is in violation of FOIA.

32.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

33.     Plaintiffs have no adequate remedy at law.

34.     Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

35.     Plaintiffs re-allege paragraphs 1–34 as if fully set out herein.

36.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

37.    Plaintiffs properly requested records within the possession, custody, or control of Defendant.

38.    Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

39.    The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

40.    Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

41.    Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

42.    Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

43.    Plaintiffs have a statutory right to a fee waiver.

44.    Defendant is in violation of FOIA by denying a fee waiver.

45.    Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational

institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

46.     Plaintiffs have no adequate remedy at law.

47.     Plaintiffs have constructively exhausted their administrative remedies.

## FOURTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

48.     Plaintiffs re-allege paragraphs 1–47 as if fully set out herein.

49.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

50.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

51.     The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

52.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

53.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

54.     Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

55.     Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

56.     Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request.  Therefore, Defendant has a statutory right to have its request processed without being charged any fees.

57.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

58.     Plaintiffs have no adequate remedy at law.

59.     Plaintiffs have constructively exhausted their administrative remedies.

**FIFTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

60.     Plaintiffs re-allege paragraphs 1–59 as if fully set out herein.

61.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

62.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

63.     Plaintiffs properly asked that DOJ expedite the processing of Plaintiffs' FOIA Request, based upon Plaintiffs' showing of that the Request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions that affect public confidence in the Government's integrity."  28 C.F.R. § 16.5(e)(1)(iv).

64.     Defendant refused to expedite Plaintiffs' FOIA Request, contrary to the factual and legal showing Plaintiffs made demonstrating their entitlement to expedition.

65.     Defendant is in violation of FOIA.

66.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

67.     Plaintiffs have no adequate remedy at law.

68.     Plaintiffs has exhausted all required administrative remedies with respect to Defendant's failure to make a determination on Plaintiffs' request for expedition.


**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

   A.     Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis.

   B.     Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

   C.     Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records

responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of

any responsive records withheld in whole or in part under claim of exemption;

D.      Enjoin Defendant from continuing to withhold any and all non-exempt records

responsive to Plaintiffs' FOIA Request;

E.      Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

F.      Retain jurisdiction over this matter as appropriate;

G.      Award Plaintiffs their costs and reasonable attorneys' fees in this action as

provided by 5 U.S.C. § 522(a)(4)(E); and

H.      Grant such other and further relief as this Court may deem just and proper.


Dated: October 19, 2022                    Respectfully submitted,


                                           /s/ Samuel Everett Dewey
                                           SAMUEL EVERETT DEWEY
                                           (No. 999979)
                                           Chambers of Samuel Everett Dewey, LLC
                                           Telephone:  (703) 261-4194
                                           Email:  samueledewey@sedchambers.com

                                           ROMAN JANKOWSKI
                                           (No. 975348)
                                           The Heritage Foundation
                                           Telephone:  (202) 489-2969
                                           Email:  Roman.Jankowski@heritage.org

                                           *Counsel for Plaintiffs*